UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES DICKENSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 1:17-cv-00753-TWP-TAB |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry and Order to Show Cause - Discipline Case
And Dismissing an Improper Claim**

**I.**

The petitioner shall have **through April 14, 2017,** in which to either pay the $5.00 filing fee for this action or demonstrate his financial inability to do so.

**II.**

Rule 4 of the *Rules Governing Section 2254 Cases in United States District Courts* provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Ground One is **dismissed** as it asserts a First Amendment issue which is not cognizable in a habeas corpus proceeding. A habeas petition is used to challenge the length or duration of an offender's confinement. If the petitioner wishes to assert a claim challenging the conditions of his confinement, he must do so under the civil rights law, 42 U.S.C. § 1983. *See Glaus v. Anderson,* 408 F.3d 382, 387-88 (7th Cir. 2005); *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991); *see also Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) ("[A] prisoner challenging the fact or

duration of his confinement must seek habeas corpus relief; a prisoner challenging a condition of his confinement, by contrast, must seek relief under 42 U.S.C. § 1983.").

### III.

The petitioner's custodian is directed to answer **the remaining allegations** of the petitioner's petition for a writ of habeas corpus and in doing so shall **show cause** why the relief sought by the petitioner should not be granted insofar as the petitioner challenges the deprivation of a recognized liberty interest affecting the fact or the duration of his confinement. This shall be done no later than **May 5, 2017**. The petitioner shall have **twenty-eight (28) days** after service of such answer or return to order to show cause on him in which to reply.

**Any motion for an extension of time filed by the respondent must include the petitioner's anticipated release date if the relief sought by the petitioner is granted.**

A copy of this Entry and Order to Show Cause shall be sent to the Indiana Attorney General through a Notice of Electronic Filing ("NEF") generated by the Court's CM/ECF case management system. The Indiana Attorney General has previously been provided with a copy of the habeas petition itself.

**IT IS SO ORDERED.**

Date: 3/15/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JAMES  DICKENSON
974834
NEW CASTLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

habeas@atg.in.gov